[Crim. No. 865.    Second Appellate District, Division One.—April 25, 1922.]

THE PEOPLE, Respondent, v. A. RIVERA, Appellant.

[1] CRIMINAL LAW—BURGLARY—GRAND LARCENY—EVIDENCE—VERDICT. In this prosecution, the evidence was sufficient to justify the verdict of guilty both of burglary in the second degree and of grand larceny.

[2] ID.—VALUE OF PROPERTY TAKEN — DEGREE OF CRIME—EVIDENCE— INSTRUCTIONS.—The evidence having shown that the value of the property taken exceeded fifty dollars, and the defendant not having requested any instruction concerning the crime of petty larceny, the failure of the court to include in its proposed forms of verdict a form of verdict relating to petty larceny did not deprive the defendant of any substantial right.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore Gottsdanker for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was charged with the crimes of burglary and grand larceny. He was convicted of burglary in the second degree and of grand larceny.

Three points are relied upon in support of the appeal. They are that the evidence is insufficient to warrant a verdict of guilty on the count of burglary; that the evidence is insufficient to warrant a verdict of guilty on the charge of grand larceny, and that the court erred in failing to include in its proposed forms of verdict a form of verdict relating to petty larceny.

[1] Mrs. Romero owned a house of two rooms. One of these rooms she occupied, and the other she rented to the witness Sosa. The outside doors of the respective rooms were locked with padlocks. There was a connecting door fastened with a lock and a hook on the side occupied by Mrs. Romero. During the absence of the occupants, personal property of Mrs. Romero and some other personal property in the room of Sosa were taken away. On the return of the occupants the outside padlocks were found locked, but the connecting door was off and the hook was pulled off.

Shortly afterward the defendant was arrested on the street, carrying a sack which contained the missing clothes of Mrs. Romero, and some clothing taken from the other room. The defendant gave explanations concerning his possession of these articles, which explanations were proved to be false. It was proved that no permission had been given to the defendant to enter this house. These facts were sufficient to. prove that the defendant was guilty of the crime of burglary.

It is claimed that the evidence fails to prove grand larceny in that it was not established that the value of the property taken exceeded $50. But the record shows by the testimony of Mrs. Romero that the value of the property taken from her room and belonging to her, exclusive of the property taken from the man's room, was $103.75. Assuming, without deciding, that the evidence was unsatisfactory as to the value of two of the articles, placed at $20 and $25

respectively, there remained a value of more than $50 of the property stolen from and belonging to Mrs. Romero. This value was proved by the evidence without conflict therein. [2] The defendant did not request any instruction concerning the crime of petty larceny. Under the circumstances, this omission did not deprive the defendant of any substantial right. Indeed, such suggested alternative forms of verdict, while convenient, are not necessary, and their omission furnishes no ground of complaint.

The judgment is affirmed.

Shaw, J., and James, J., concurred.